937 F.2d 623
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
George SAVER, Petitioner/Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent/Appellee.
 No. 91-7007.
 United States Court of Appeals, Federal Circuit.
 June 10, 1991.
 
 Before RICH, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 George Saver (Saver) appeals from the August 6, 1990 Order of the United States Court of Veterans Appeals (CVA), No. 90-216, dismissing Saver's appeal for lack of CVA jurisdiction. For the reason set forth below, we affirm.
 
 OPINION
 
 2
 Saver concedes that his Notice of Disagreement (NOD) with respect to the denial of his claim of service-connected psychiatric disability was not filed on or after November 18, 1988, and therefore that he is not entitled to CVA review of the denial of that claim. See Veterans' Judicial Review Act, Pub.L. No. 100-687 Sec. 402 (1988). However, Saver alleges that on November 21, 1988 he filed an additional NOD with respect to his supplemental claim of service-connected Epstein-Barr Syndrome. Thus, Saver argues, since this additional NOD was filed after November 18, 1988, he is entitled to CVA review of the denial of his supplemental claim.
 
 
 3
 We need not address the broader questions Saver's appeal raises, namely, whether his supplemental claim was in fact a new and separate claim, the denial of which would have made appropriate the filing of an additional NOD, and if so, whether the filing of that additional NOD on or after November 18, 1988 would have entitled Saver to CVA review on the merits of the supplemental claim.[1] Section 4005(b)(2) of Title 38, United States Code (1988) requires that NODs be in writing. The record before us contains no documentary evidence whatsoever that Saver filed an additional NOD on or after November 18, 1988. Saver's bare assertion to the contrary does not fill this void. In the absence of any written NOD other than that filed on May 11, 1987 with respect to the denial of Saver's initial claim, we must affirm the CVA's decision.
 
 
 
 [1]
 Related issues were recently addressed by the CVA in Whitt v. Derwinski, Nos. 89-16, 89-151, 90-38, 90-122, 1990 WL 151821, 1990 U.S.Vet.App. LEXIS 17 (October 12, 1990). There the court disagreed with Secretary Derwinski's position that the only valid NOD that can be filed is the first NOD filed in response to the first adjudicative determination with respect to a particular claim, stating:
 Nothing in this language [38 CFR 19.118, defining an NOD] suggests that the only NOD that can be filed is in response to the first agency of original jurisdiction adjudication on a particular claim. The only limitation involves the necessity to file the NOD in response to "an adjudicative determination" made by the Regional VA activity.
 Id. at